IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES VALENTINE and<br>BERTHA HOLLOWAY,<br><br>      Plaintiff,<br><br>-against-<br><br>ALLSTATE INDEMNITY COMPANY,<br>ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY,<br>and ALLSTATE INSURANCE COMPANY<br><br>      Defendants. | **NOTICE OF REMOVAL**<br><br>Civil Index No.: 2017EF2762<br><br>5:17-CV-825 (GTS/DEP) |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INSURANCE COMPANY (hereinafter "defendants") by and through their attorneys Smith Sovik Kendrick & Sugnet, P.C., hereby give notice of the removal of this matter from the Supreme Court of the State of New York, Onondaga County, to the United States District Court for the Northern District of New York. In support of this notice, defendants state:

### NATURE OF THE ACTION

1. On or about June 30, 2017, plaintiffs, CHARLES VALENTINE and BERTHA HOLLOWAY ("plaintiffs"), commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York in Onondaga County, captioned *Charles Valentine and Bertha Holloway v. Allstate Indemnity Company, Allstate Vehicle and Property Insurance*

*Company, and Allstate Insurance Company,* index number 2017EF2762 (N.Y. Sup. Ct. June 30, 2017). A true and correct copy of the Summons and Complaint is attached as **Exhibit A.**

2.    On or about July 3, 2017, service was effected upon defendants via their agent with the New York State Department of Financial Services.

3.    This case involves a coverage disclaimer by defendants from a fire loss at the insured premises on January 3, 2016. (*See* Ex. A., at ¶¶ 11-13, 30-33).

4.    In their Complaint, plaintiffs assert the following causes of action: breach of contract (*See* Ex. A, at ¶¶34-40); waiver and estoppel (*See* Ex. A, at ¶¶ 41-45); and declaratory judgment (*See* Ex. A, at ¶¶ 46-52).

## THIS COURT HAS DIVERSITY JURISDICTION.

5.    Defendants are entitled to remove this action under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district embracing the place where such action is pending."

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which states that a "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive or interests and costs and is between – (i) citizens of different states."

7.    This action concerns a dispute between citizens of different states. Indeed, complete diversity existed among the parties at the time the Complaint was filed and continues to exist at the time this Notice of Removal is filed. (*See* Ex. A, ¶¶ 1, 2, 4-6).

8.    For purposes of diversity jurisdiction, a corporation has the citizenship of its place

of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters"); *Steuben Foods, Inc. v. International Dispensing Corp.*, 2010 WL 2925954 (W.D.N.Y. 2010) ("a corporation is deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business").

9. Plaintiffs are residents of the County of Onondaga, State of New York. (*See* Ex. A, at ¶¶ 1-2).

10. Defendants are not citizens of New York. According to the allegations of the Complaint, defendants, ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INSURANCE COMPANY, are incorporated under the laws of Illinois, with their principal place of business in Northbrook, Illinois. (*See* Ex. A at ¶¶ 4-6). Thus, defendants have citizenship in Illinois, not New York.

11. Plaintiffs' claim that defendants do business in New York is not controlling in a diversity jurisdiction analysis and does not defeat diversity jurisdiction. (*See* Ex. A at ¶¶ 4-10). *See, e.g., Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (merely pleading that a corporation has an office in New York is "clearly insufficient" to establish citizenship in the state); *Utopia Studios Ltd. v. Earth Tech., Inc.*, 607 F. Supp. 2d 443, 445 (E.D.N.Y. 2009) ("the fact that the parties' business dealings were all conducted in New York does not go to the salient question of where the company's [principal place of business is located]" for purposes of diversity jurisdiction); *Columbia Gas Transmission Corp. v. Bishop*, 809 F. Supp. 220 (W.D.N.Y. 1992) (citing *Wear-Ever Aluminum, Inc. v. Sipos*, 184 F. Supp. 364 (S.D.N.Y.

1960) (the fact that a corporation does business in a state has no effect on its citizenship for purposes of diversity).

12. When determining the amount in controversy, the general rule is to determine the amount in controversy from the complaint itself, unless the plaintiff fails to specify a particular amount of monetary damages. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("To determine whether that burden has been met, we look first to the plaintiffs' complaint."); *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) ("Removability is determined by the allegations of the complaint if it sets up the amount in controversy.").

13. In this case, plaintiffs claim "compensatory and consequential damages arising out of the Loss in excess of $100,000" amongst other damages. (*See* Ex. A, at p. 9).

14. Because the grounds for removal under diversity jurisdiction are met, it is proper for this Court to accept and retain jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and removal of this action is thus proper pursuant to 28 U.S.C. § 1441.

### DEFENDANTS SATISFIED ALL PROCEDURAL REQUISITES FOR REMOVAL.

15. Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed—Onondaga County, New York. 28 U.S.C. § 1446(a).

16. Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period to remove an action begins to run from the date of formal service). Plaintiffs filed their Summons and Complaint on June 30, 2017. (*See* Ex. A, at 1). Defendants' agent, the New York State

Department of Financial Services, accepted service on its behalf on July 3, 2017. Attached as **Exhibit B** is a true and accurate copy of the proof of service.

17.     In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendants will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York for Onondaga County; (b) serve a true and correct copy of this Notice of Removal on all adverse parties; and (c) file with this Court a Certificate of Service and Notice to Adverse Parties of Removal to Federal Court.

18.     In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached as **Exhibit A**. No other pleadings and/or orders have been served upon defendants.

19.     Defendants reserve the right to submit additional evidence and argument as needed to supplement and support this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

20.     By filing this Notice of Removal, defendants do not waive any defense, counterclaim, argument, or principle of equity which may be available to them.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants, ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INSURANCE COMPANY, respectfully remove to this Court the action docketed under Index No. 2017EF2762 in the Supreme Court of the State of New York for Onondaga County.

Respectfully submitted,

**SMITH SOVIK KENDRICK & SUGNET, P.C.**

Dated: July 26, 2017

By: _____
Karen Guyder Felter, Esq.
Bar Roll No. 508182
250 South Clinton Street, Suite 600
Syracuse, N.Y. 13202-1252
Tel: 315-474-2911
Fax: 315-474-6015
kfelter@smithsovik.com

*Attorney for defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company and Allstate Insurance Company*