5:17-CV-825 (GTS/DEP)

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ONONDAGA**
------------------------------------x

Charles Valentine, Bertha Holloway

Plaintiff/Petitioner,

-against-

Index No. 2017EF2762

Allstate Indemnity Company, Allstate Vehicle and
Property Insurance Company, Allstate Insurance

Defendant/Respondent.
------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT
### TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 06/30/2017

_____
Signature

MARTIN ANTHONY LYNN
Name

Lynn Law Firm, LLP
Firm Name

101 South Salina Street, Suite 750
Address

Syracuse, NY  13202
City, State, and Zip

(315) 474-1267
Phone

mlynn@lynnlaw.com
E-Mail

To:   Allstate Indemnity Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

Allstate Vehicle and Property Insurance Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

Allstate Insurance Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

9/3/15

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ONONDAGA

CHARLES VALENTINE and
BERTHA HOLLOWAY,

                          Plaintiffs,

          -against-

ALLSTATE INDEMNITY COMPANY,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, and ALLSTATE
INSURANCE COMPANY

                          Defendants.

**SUMMONS**

Index No.  2017EF2762

Plaintiffs designate Onondaga County as the place of trial.

The basis of the venue is the loss location, 1857 49 Bellevue Ave., Syracuse, New York 13204.

**YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the verified complaint.

Dated:   June 30, 2017
         Syracuse, New York

Martin A. Lynn, Esq.
LYNN LAW FIRM, LLP
Attorneys for Plaintiffs
M&T Bank Building, Suite 750
101 South Salina Street
Syracuse, NY 13202
Telephone: (315) 474-1267

**Defendants' Addresses:**

Allstate Indemnity Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

Allstate Vehicle and Property Insurance Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

Allstate Insurance Company, 3075 Sanders Road, Suite H1E, Northbrook, IL 60062-7127

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONONDAGA

CHARLES VALENTINE and
BERTHA HOLLOWAY,

Plaintiffs,

-against-

ALLSTATE INDEMNITY COMPANY,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, and ALLSTATE
INSURANCE COMPANY

Defendants.

**VERIFIED**
**COMPLAINT**
Index No. 2017EF2762

Plaintiffs, Charles Valentine and Bertha Holloway ("Plaintiffs"), by and through their

attorneys, the Lynn Law Firm, LLP, complaining of the defendants, Allstate Indemnity

Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company

("Allstate") alleges:

## PARTIES

1.    At all relevant times herein, Plaintiffs were and are residents of Onondaga

County, New York State.

2.    Plaintiffs owned property located at or about 1847-49 Bellevue Avenue in the City

of Syracuse, State of New York ("the Insured Premises").

3.    At all relevant times, and in January of 2016, the Insured Premises was insured

with Allstate.

4.    At all relevant times herein, Allstate Vehicle and Property Insurance was and is

an Illinois Corporation and is authorized to issue insurance policies for property and casualty in

New York State.

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

5.     At all relevant times herein, Allstate Indemnity Company was and is an Illinois Corporation and is authorized to issue insurance policies for property and casualty in New York State.

6.     At all relevant times herein, Allstate Insurance Company was and is an Illinois Corporation and is authorized to issue insurance policies for property and casualty in New York State.

7.     At all relevant times herein, Allstate Vehicle and Property Insurance provided insurance coverage for the Insured Premises.

8.     At all relevant times herein, Allstate Indemnity Company provided insurance coverage for the Insured Premises.

9.     At all relevant times herein, Allstate Insurance Company provided insurance coverage for the Insured Premises.

10.    At all relevant times herein, Allstate was and is duly authorized to conduct insurance business in the State of New York.

## THE FIRE

11.    On or about January 3, 2016, there was a sudden and unexpected fire loss at the Insured Premises (the "Loss").

12.    The Loss caused immediate and significant damage to the Insured Premises.

13.    Allstate estimates that the damage to the Insured Premises exceeds One Hundred Thousand Dollars ($100,000.00).

2

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2752

RECEIVED NYSCEF: 06/30/2017

## INSURANCE

14.    At all relevant times herein, Allstate issued to its insured, Plaintiffs, an Insurance Policy, No. 943414782 ("the Policy").

15.    Plaintiffs' obtained the Policy through an Allstate agent.  Plaintiffs did not mislead or otherwise provide false information to that agent in procuring insurance.

16.    The Policy was in full force and effect on January 3, 2016.

17.    At all relevant times, Plaintiffs paid all premiums due and owing in connection with the Policy, and was otherwise in compliance with all obligations in connection with coverage.

## ALLSTATE'S INVESTIGATION OF THE LOSS

18.    Following the Loss, Plaintiffs immediately notified Allstate, and requested coverage for the damage to the Insured Premises.

19.    Allstate was permitted access to the Insured Premises to inspect the Loss, and was provided information necessary to investigate the claim.

20.    Allstate, its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department, as set forth in 11 NYCRR §216, et. seq., and under provisions of New York Insurance Law §2601, which prohibits unfair claim settlement practices.

21.    The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents and representatives, and conduct by their insurers, their agents, and representatives who, deviating from the following rules of play, are deemed to have engaged in unfair claim settlement practices, as enumerated under Insurance Law §2601:  (a) insurers may not fail to adopt and implement reasonable standards for the prompt investigation of

3

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

claims arising under their policies; (b) insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear; (c) insurers may not compel policyholders to institute suits to recover amounts due under the policies by denying coverage and/or offering substantially less than the amounts ultimately recovered in suits by them.

22.   Allstate created estimates for damages for the Loss.

23.   Allstate refused to provide a copy of its estimates to the Plaintiffs in violation of the Insurance Law.

24.   Allstate created "subpoenas" with a caption of "ALLSTATE INSURANCE COMPANY v. CHARLES VALENTINE and BERTHA HOLLOWAY" with a venue of New York State Supreme Court, Onondaga County.

25.   These subpoenas were served by Allstate on third parties during Allstate's claim investigation.

26.   At the time Allstate served these subpoenas, there was no lawsuit. The action identified in the caption of these subpoenas does not exist. These subpoenas were unlawful.

27.   The subpoenas were signed and served by Allstate and/or its representatives in an effort to deceive third parties and Plaintiffs during the claim investigation. Allstate knew or should have known that these were unlawful subpoenas.

28.   The unlawful subpoenas constitute fraud, misrepresentation and untruthful action by Allstate.

29.   The unlawful actions by Allstate during this claim should shock the conscience of every member of the public.

4

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2752

RECEIVED NYSCEF: 06/30/2017

**ALLSTATE'S DISCLAIMER**

30.    By letter dated November 23, 2016, Allstate notified Plaintiffs that it had

completed its investigation, and made a decision to deny coverage for this Loss.

31.    Allstate denied coverage based on:

AGREEMENTS WE MAKE WITH YOU
Misrepresentation, Fraud Or Concealment
We have the right to cancel or non-renew this policy if it was obtained by material misrepresentation, fraud or concealment of material facts, or if you intentionally conceal any material fact or circumstance before or after a loss.

Furthermore, we do not cover you or any other person insured under this policy who has concealed or misrepresented any material fact or circumstance, before or after a loss.

SECTION I – YOUR PROPERTY

D.    Under Dwelling Protection-Coverage A and Other Structures Protection-Coverage B of this policy, we do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions.  Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

. . .
3.    Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
a)    may be reasonably expected to result from such acts; or
b)    is the intended result of such acts.
943 414 782, p. 11

SECTION I CONDITIONS (APPLICABLE TO COVERAGES A, B AND C)

10.    Our Rights To Recover Payment
When we pay for any loss, an insured person's right to recover from anyone else becomes ours up to the amount we have paid.  An insured person must protect these rights and help us enforce them.  You may waive your rights to recover against another person for loss involving the property covered by this policy. This waiver must be in writing prior to the date of loss.
943 414 782, p. 23

5

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2752

RECEIVED NYSCEF: 06/30/2017

32.     Allstate had previously insured the Insured Premises on behalf of a prior owner and provided insurance coverage for a prior fire loss at the Insured Premises ("prior loss").

33.     Allstate was aware of the prior loss and the condition of the Insured Premises at the time it issued insurance coverage for the Insured Premises.

### AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST ALLSTATE

34.     Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "33" above as though fully restated here.

35.     Plaintiffs have fully complied with all terms, conditions, duties and obligations under the Policy.

36.     The Loss of January 3, 2016 was a Covered Cause of Loss.

37.     Allstate's disclaimer was wrongful.

38.     Allstate has breached its obligations to provide insurance coverage under the Policy, and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately, negligently, unlawfully and wrongfully mishandling Plaintiffs' claim including by issuing fraudulent subpoenas and deliberately, negligently and wrongfully delaying payment of Plaintiffs' claim for coverage for damage at the Premises.

39.     As a result of Allstate's breach of its obligations under the Policy, Plaintiffs have suffered direct damages in an amount to be proven at trial.

40.     As a result of Allstate's wrongful disclaimer, Plaintiffs are entitled to an award of direct and consequential damages against defendants in such amounts as are established by the evidence, as well as interest, post-judgment interest, costs, and any other fees and disbursements to which Plaintiffs may also legally be entitled.

6

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2752

RECEIVED NYSCEF: 06/30/2017

## AS AND FOR A SECOND CAUSE OF ACTION IN WAIVER AND ESTOPPEL AGAINST ALLSTATE

41.   Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "40" above as though fully restated here.

42.   Allstate's claim investigation and settlement behavior violated regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department, as set forth in 11 NYCRR §216, et. seq., and under provisions of New York Insurance Law §2601. Among other things, Allstate failed to promptly inform insured of the coverage decision, falsified documents, misrepresented the facts and circumstances of the claim, failed to comply with New York State Law, knew the facts and circumstances of the condition and history of the Insured Premises at the time it issued/renewed the Policy, committed fraud, and failed to conduct a truthful and suitable investigation.

43.   Allstate waived any disclaimer by, among other things, engaging in behavior that was unlawful, misrepresenting its knowledge of the Insured Premises and the facts and circumstances of its investigation of the claim, engaging in inequitable conduct, and sharing false information.

44.   Plaintiffs reasonably relied on Allstate to perform an investigation in compliance with the Policy, the Insurance Law and Regulations, New York State Law, and that Allstate's actions would be truthful and suitable in all regards.

45.   Plaintiffs were injured by this reliance.

7

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

## AS AND FOR A THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST ALLSTATE

46.     Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "45" above as though fully restated here.

47.     In disclaiming coverage, Allstate failed to recognize that the Loss was covered by the Policy.

48.     In disclaiming coverage, Allstate set forth its own findings, which were and are inaccurate, in whole or in part, and did not provide a proper basis for denying coverage under the Policy.

49.     Allstate's decision to disclaim coverage lacks any basis in fact or law.

50.     By reason of the foregoing, an actual and justifiable controversy exists between Plaintiffs and Allstate regarding payment for the Loss at the Insured Premises because Allstate has refused to recognize applicable contract terms and perform as obligated under the Policy.

51.     Plaintiffs seek a judicial declaration by the Court:  (i) that coverage for the loss at the Premises referenced herein is provided under the Policy; (ii) that Plaintiffs' loss at the Insured Premises are not excluded from coverage; and, (iii) that Allstate's actions during the claim investigation were unlawful.

52.     As a direct and proximate result of the practices and acts of Allstate as described in this verified complaint, Plaintiffs have incurred losses and damages in an amount that exceeds all jurisdictional limits of this Court.

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE, NEW YORK

8

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2762

RECEIVED NYSCEF: 06/30/2017

**WHEREFORE**, plaintiffs demand judgment be entered against the defendants, jointly and/or severally, for the following relief:

    a. Compensatory and consequential damages arising out of the Loss in excess of $100,000.00;

    b. A judgment enforcing the Policy and declaring that Allstate is obligated to provide coverage for all damages arising from the Loss, including costs and interest;

    c. Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and,

    d. For such other and further relief as this Court deems just and proper.

Dated:  June 30, 2017
           Syracuse, New York

Martin A. Lynn, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
M&T Bank Building, Suite 750
101 South Salina Street
Syracuse, NY 13202
Telephone: (315) 474-1267

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

9

FILED: ONONDAGA COUNTY CLERK 06/30/2017 11:38 AM

NYSCEF DOC. NO. 1

INDEX NO. 2017EF2752

RECEIVED NYSCEF: 06/30/2017

**INDIVIDUAL VERIFICATION**

STATE OF NEW YORK )
                         ) ss:
COUNTY OF ONONDAGA )

       Charles Valentine and Bertha Holloway, being duly sworn, say that they are the plaintiffs in the above-named proceeding and that the foregoing Summons and Verified Complaint is true to the best of their knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, they believes them to be true.

_____
Charles Valentine

Sworn to before me this
29th day of June , 2017.

_____
Notary Public

**JENNA L BEAK**
**Notary Public, State of New York**
No. 01BE6331534
Qualified in Onondaga County
Commission Expires 10/13/2019

_____
Bertha Holloway

Sworn to before me this
29th day of June , 2017.

_____
Notary Public

**JENNA L BEAK**
Notary Public, State of New York
No. 01BE6331534
Qualified in Onondaga County
Commission Expires 10/13/2019

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK